NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-35192 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:11-cv-00127-RCT |
| v. | MEMORANDUM* |
| FEDERAL RESOURCES CORPORATION, | |
| Defendant-counter-claimant-Appellant, | |
| BLUM REAL ESTATE TRUST; BENTLY J. BLUM, Trustee of the Blum Real Estate Trust; CAMP BIRD COLORADO, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
Richard C. Tallman, Circuit Judge, Presiding

Argued and Submitted May 16, 2017
Seattle, Washington

Before:  GOULD and PAEZ, Circuit Judges, and LEMELLE,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

Federal Resources Corporation (FRC) appeals the district court's grant of summary judgment in favor of the United States on the issues of (1) the United States' liability as an "arranger" under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607(a)(3); and (2) the apportionment and divisibility of the clean-up costs; and (3) that FRC did not create a genuine issue of material fact as to the United States Forest Service's (USFS) compliance with the National Contingency Plan (NCP) at the North Dump. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

(1) The United States is not liable as an "arranger" under CERCLA. The statute imposes strict liability for environmental contamination on, among others, "any person who by contract, agreement, or otherwise arranged for disposal . . . of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances." 42 U.S.C. § 9607(a)(3). "[A]n entity may qualify as an arranger under § 9607(a)(3) when it takes intentional steps to dispose of a hazardous substance." *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 611 (2009). Although knowledge that a hazardous substance will be dumped "may provide evidence of the entity's intent to dispose of its hazardous wastes, knowledge alone is insufficient to prove that an entity planned for the disposal." *Id.* at 612 (internal quotation marks omitted). The entity must have

entered into the agreement with the intent that there be a "disposal." *See id.*

Here, there is no evidence that the United States entered into the Exploration Project Contract with the Funnell and Majer Mining Company (F&M) with the intent of disposing of hazardous substances. The evidence shows: First, that the United States was interested in the mill and may have encouraged F&M to build it because of the anticipated economic benefits; second, that the United States paid 50% of the total cost of F&M's exploration mining project in exchange for royalties on "the net smelter returns or other net proceeds realized from such ore, concentrates, or metal produced"; third, that the United States could—and apparently did—inspect and advise F&M on their operation; and finally, that the United States knew mine tailings were being stored on-site and was indifferent to the disposal of hazardous substances. Missing is any evidence that the government intended to dispose of waste for the operator of the mine. At most, the evidence recited above establishes that the United States knew the mine produced tailings that were stored at the Conjecture Mine Site and was indifferent to the disposal of hazardous substances. This is insufficient to establish arranger liability, which requires intent to dispose of the waste. *See Burlington N.,* 556 U.S. at 612; *Team Enters., LLC v. W. Inv. Real Estate Tr.,* 647 F.3d 901, 909–10 (9th Cir. 2011).

(2) FRC did not provide the court with a reasonable basis for apportioning the harm at the Conjecture Mine Site. *See Burlington N.,* 556 U.S. at 614. The

3

"harm" in a CERCLA case is "the contamination traceable to each defendant." *United States v. Burlington N. & Santa Fe Ry. Co.*, 520 F.3d 918, 939 (9th Cir. 2008), *rev'd on other grounds by Burlington N.*, 556 U.S. 599. FRC did not offer any evidence showing the amount of contamination its waste material contributed to the Conjecture Mine Site, as compared to the amount of contamination the waste of other potentially responsible parties contributed to the site. Divisibility can be established by volumetric evidence and geographic distinctness, *see United States v. Hercules, Inc.*, 247 F.3d 706, 719 (8th Cir. 2001), but there must be "evidence of a relationship between the volume of waste, the release of hazardous substances, and the harm at the site," *In re Bell Petroleum Servs., Inc.*, 3 F.3d 889, 900 (5th Cir. 1993). Here, there is no evidence of that relationship, and there is no reasonable basis for apportionment.

(3) The removal action at the North Dump was not inconsistent with the NCP. *See* 42 U.S.C. § 9607(a)(4)(A). Because FRC does not contest that the United States has established a prima facie case to recover its response costs, the burden shifted to FRC to create a genuine issue of material fact as to whether USFS's response action at the North Dump "was inconsistent with the [NCP]." *United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998). FRC did not carry its burden. The record shows that USFS considered the site evaluation, and the relevant mandatory factors outlined in the NCP. 40 C.F.R. § 300.415(a)(1),

4

(b)(2).  It determined that five factors warranted a removal action.  USFS's removal action was not "arbitrary and capricious or otherwise not in accordance with law."  42 U.S.C. § 9613(j)(2); *see also Chapman*, 146 F.3d at 1172–73.

**AFFIRMED.**